UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LEVI G GREENUP #569616** | **CASE NO. 5:18-CV-01659 SEC P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JAMES LEBLANC ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss filed by defendants Lieutenant Rachel and Sergeant Bass. [doc. # 45]. For reasons that follow, it is recommended that the motion be DENIED and that the district judge order the defendants to provide the first names of the two unserved defendants and give the plaintiff sixty days to serve them.

## Background

This is a Section 1983 suit brought by prisoner Levi Greenup, alleging his constitutional rights were violated by prison officials while he was incarcerated at David Wade Correctional Center. He filed his original complaint on December 28, 2018, and three amended complaints filed on January 3, 2019, January 22, 2019, and February 19, 2019. [doc. # 1, doc. # 5, doc. # 8, and doc. # 9]. Among other defendants, Greenup names Lieutenant Rachel and Sergeant Bass. On June 26, 2019, the summons for the other defendants were returned executed, while the summons for Lieutenant Rachel and Sergeant Bass were returned unexecuted.

On March 16, 2020, defendants Lieutenant Rachel and Sergeant Bass filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). [doc. # 45]. On April 16, 2020, Greenup filed his opposition to the motion to dismiss. [doc. # 50]. He also filed a motion for

1

extension of time to file, which was granted, making his opposition timely. [docs. ## 49, 51]. On April 21, 2020, defendants filed their reply. [doc. # 52]. The matter is ripe.

## Law and Analysis

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). See, FED. R. CIV. P. 12(b)(5)(authorizing a court to dismiss a civil action when service of process is inadequate). A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the process. *Holly v. Metro Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (citing *Carimi v. Royal Caribbean Cruise Lines, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc., v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990).

Federal Rule of Civil Procedure provides guidance for summons. Rule 4(c)(1) states that "[a] summons must be served with a copy of the complaint." The Plaintiff is responsible for having the summons and complaint served within the time allowed within Rule 4(m) and must furnish the necessary copies to the person who makes service. Rule 4(m) states that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4.

Federal Rule of Civil Procedure 4(m) mandates the Court to extend the period necessary for summons upon a showing of good cause. To establish good cause, plaintiff must demonstrate at least as much as is necessary to show excusable neglect. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d.

444, 446 (5th Cir. 1996). Excusable neglect is "a failure—which the law will excuse—to take some proper step at the proper time not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hinderance. Excusable neglect, *Black's Law Dictionary* (11th ed. 2019), *available at* Westlaw.

In his opposition, Greenup argues that his failure to serve should be excused because he never received the unexecuted summons or any notice that service had not been properly made on Rachel and Bass. Greenup says he transferred facilities on July 1, and that this transfer prevented him from receiving notification that service was improper. He contends that if he had known, he would have quickly corrected his error. In response, Rachel and Bass argue good cause does not exist because plaintiff should have been put on notice when an answer and an amended answer were filed without their names listed.

The undersigned finds that good cause exists for Greenup's failure to serve. Greenup notified the court of his change of address within the time period allowed for same by this court. [doc. # 20]. Given the timing of his transfer, it is reasonable to believe that he never received the unexecuted summons, and his failure to notice the absence of Bass and Rachel's names in the responsive pleadings is understandable. Lack of notice of the deficiency is reasonable grounds for the failure to correct it. Greenup should be given an opportunity to properly serve Rachel and Bass. To do so, it is necessary for the defendants to provide Greenup with Rachel and Bass's first names.[1] Defendants do not present a compelling reason warranting dismissal for failure to serve.

## Conclusion

For the foregoing reasons,

---

[1] The undersigned notes that Bass's original summons included his first name (Samuel) and his rank (Sergeant). [doc. # 19]. Nevertheless, the marshals service did not serve Bass.

IT IS RECOMMENDED that Lieutenant Rachel and Sergeant Bass's motion to dismiss [doc. # 45] be DENIED, that the district judge order the defendants to provide the full names of the two unserved defendants, and that he give the plaintiff sixty days to serve them.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, Monroe, Louisiana, this 28th day of April 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE