UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**LEVI G GREENUP #569616**                    **CASE NO. 5:18-CV-01659 SEC P**

**VERSUS**                                          **JUDGE ELIZABETH E. FOOTE**

**JAMES LEBLANC ET AL**                   **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

On March 8, 2021, the court ordered Plaintiff to file either a statement of issues or a motion for summary judgment within 120 days of Defendants' first appearance. *See* [doc. # 11, p. 6-7] (requiring a statement of issues or motion for summary judgment to be filed by each party within 120 days of Defendants' first appearance); *see also* [doc. # 77](granting an extension of time to file a motion for summary judgment). The parties were warned that failure to comply with the court's order could result in the imposition of sanctions. [doc. # 11, p. 7]. The deadline lapsed, and Plaintiff filed neither a statement of issues nor a motion for summary judgment by the requisite date, April 8, 2021.

On June 22, 2021, the undersigned entered a notice of intent to dismiss this matter with prejudice for Plaintiff's failure to comply with the court's orders. [doc. # 83]. The court ordered plaintiff to file his statement of issues or motion for summary judgment by July 7, 2021, or face dismissal of his case. [doc. # 83]. The deadline for compliance has passed, without any further submission or response from Plaintiff.

## Law and Analysis

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for the plaintiff's failure to prosecute. FED. R. CIV. P. 41(b); *Manning v. Cheramie Bros. Bo Truc*, 247 Fed. App'x 565, 566 (5th Cir. 2007)(citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)). The district court may dismiss an action for failure to prosecute on its own initiative, without any motion from the opposing party. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Manning*, 247 Fed. App'x at 566 (citing *McCullough*, 835 F.2d at 1127). The district court's "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in its calendar. *McCullough,* 835 F.2d at 1127.

Dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). The Fifth Circuit generally requires the presence of "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id*. (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986)).

Upon consideration, the court finds that this matter is subject to dismissal for failure to prosecute and heed orders of the court. FED. R. CIV. P. 41(b). The court also finds that the requirements for dismissal with prejudice are satisfied in this case. Plaintiff has ignored two court

orders and is not actively pursuing this case.[1] Accordingly, no lesser sanction better serves the interest of justice. Further, Plaintiff's failure to respond to court orders reflects his own "stubborn resistance to authority"[2] that is personally attributable to him as a litigant unrepresented by counsel.[3]

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. FED. R. CIV. P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1] If Plaintiff disagrees and contends that he *is* actively pursuing his case, he can demonstrate his intent to proceed by filing an objection to this report and recommendation.

[2] *See Millan,* 546 F.3d at 325.

[3] While the court is aware that Plaintiff is not represented by counsel, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Further, the undersigned notes that Mr. Greenup has previously brought suits and is aware of the requirements and the ramifications of failure to prosecute. *See Greenup v. Lee*, Civil Action No. 3:13-0392 (W.D. La. 2015) (Although Mr. Greenup eventually obtained counsel, he initially brought and pursued this prior civil rights lawsuit *pro se*); *see also Greenup v. LeBlanc*, Civil Action No. 5:20-00130 (W.D. 2021) (lawsuit dismissed for failure to prosecute).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 16th day of July, 2021.

*signature*

KAYLA D. MCCLUSKY
UNITED STATES MAGISTRATE JUDGE